**RESERVE LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Velma RELEFORD, Next Friend, et al., Appellees.**

**No. 6752.**

Court of Civil Appeals of Texas.

Texarkana.

April 28, 1955.

Rehearing Denied May 19, 1955.

James R. Hubbard, Atchley, Vance & Hubbard, Texarkana, for appellant.

Harkness & Friedman, Texarkana, for appellees.

HALL, Chief Justice.

Velma Releford Murphy instituted this suit in the District Court of Bowie County as Next Friend of her two minor children, James Fay Releford and Mary Helen Releford, against appellant, upon an accident insurance policy issued by appellant to Floyd Releford April 21, 1948. It was alleged by appellees that the face value of said accident insurance policy was $500, payable to the minors on the death of insured resulting from accidental injury. The appellees also sought attorneys' fees and 12% penalty for delay in payment after notice of the insured's death.

Appellant answered that the insured's death was not the result of accidental bodily injuries, but that at the time insured met his death he was making an unlawful assault upon Velma Releford, his wife, which resulted in his being stabbed by Velma with a butcher knife, causing his death; and that the injury to insured was not an accidental injury within the insuring clause of the insurance contract sued upon.

Trial was to a jury upon two special issues, the first of which was answered

favorably for appellees. The second issue was conditionally submitted and was not answered. Upon the issue answered by the jury, judgment was rendered for appellees for the face value of the policy together with 12% penalty and attorney's fees.

Appellant's points 1, 6 and 7, have been determined adversely to it by the Supreme Court in its opinion of date March 8, 1955, and no further notice will be taken of them.

Appellant's 3rd point is: "The trial court erred in refusing to submit appellant's requested special issue No. 1 as follows: 'Do you find from a preponderance of the evidence, if any, that Velma Releford stabbed the deceased, Floyd Releford, on the 22nd day of June in self-defense?' "

The trial court in his instructions to the jury gave a definition of "assault" as viewed from Velma Releford's (assailant's) viewpoint at the time she stabbed the deceased, Floyd Releford, as well as apparent and actual danger as it appeared to her at the time. The trial court erred in this respect as shown by the opinion of the Supreme Court in this case heretofore alluded to. In that opinion 276 S.W.2d 518, it was held that "the test of whether the killing is accidental within the terms of an insurance policy is not to be determined from the viewpoint of the one who does the killing, but rather from the viewpoint of the insured. If from his viewpoint his conduct was such that he should have anticipated that in all reasonable probability his wife would kill him, his death was not accidental." Hutcherson v. Sovereign Camp, W. O. W., 112 Tex. 551, 251 S.W. 491, 28 A.L.R. 823. While it is true that Velma Releford testified without dispute to facts which strongly indicate that Releford was making an unlawful assault upon her at the time she killed him, the jury found in answer to special issue No. 1 that Floyd Releford was not making an unlawful attack upon Velma Releford with a hoe. The thoughts and the actions of Velma Releford at the time she killed insured are of no consequence in determining the issue of whether the death of the insured was accidental. This point is overruled.

We have examined all other points brought forward by appellant and have reached the conclusion, based upon the opinion of the Supreme Court in this case, and the Hutcherson case, supra, together with the answer of the jury that Releford was not making an unlawful attack upon Velma Releford, are without merit and they are respectfully overruled. The answer of the jury to Special Issue No. 1 in our opinion is decisive of this case.

The judgment of the trial court is affirmed.